UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARVESTER J. JOHNSON, JR.,<br>　　　　Plaintiff,<br>　　v.<br>RON HARRIS, et al.,<br>　　　　Defendants. | Case No. 18-cv-00459-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff Larvester Johnson alleges that prison staff unjustly charged him with a rules violation, thereby violating his constitutional rights. His 42 U.S.C. § 1983 civil rights complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Johnson's allegations do not link any defendant to any constitutional violation. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **June 25, 2018**.

## DISCUSSION

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Johnson alleges that his jailors at Maguire Correctional Facility violated his constitutional rights by charging him with a rules violation, a charge which may have arisen from their seizure of his clothing and his placement in a "suicide gown." He names many persons as defendants but fails to connect any specific defendant with any specific unconstitutional action. He fails to state: (i) which defendant(s) filed, or were otherwise responsible for, the rules violation charge; (ii) what infraction he was charged with; (iii) whether he had a hearing on the charge; (iv) what consequences resulted from the hearing or charge; (v) what about the charge, hearing, or punishment violated his constitutional rights; and (vi) which constitutional rights were violated and how (Johnson says his First, Eighth, and Fourteenth Amendment rights were violated but does not allege facts showing why those particular rights were implicated by defendants' actions).

In an amended complaint, Johnson should cure the deficiencies listed above. A plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v.*

2

1 *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* In short, Johnson must state specifically what action(s) each defendant took, at which time, in which order, what injuries plaintiff received, and so forth.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **June 25, 2018.** The new complaint must include the caption and civil case number used in this order (18-00459 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

**IT IS SO ORDERED.**

**Dated:** May 14, 2018

WILLIAM H. ORRICK
United States District Judge

3